CHARLES R. SANDERSON, Respondent. v. THOMAS WERTZ, Appellant.

**St. Louis Court of Appeals, April 21, 1891.**

1.  **Practice, Appellate:** RIGHT OF RESPONDENT TO ASSIGN ERRORS. A respondent has no right to assign errors in the appellate court. *Held*, accordingly in this cause, which was an action of unlawful detainer, wherein the plaintiff recovered judgment, but the trial court failed to render judgment for double the rental value of the premises, that the error could not be corrected upon an appeal by the defendant.

2.  **Practice, Trial:** AMENDMENT. *Held*, in the course of discussion, that the trial court had power to correct the judgment after the term of its rendition, if it appeared from matters of record that the entry of the proper judgment had been directed, and that the error made in entry was a mere misprision of the clerk.

*Appeal from the St. Louis County Circuit Court.*—HON. W. W. EDWARDS, Judge.

APPEAL DISMISSED.

*Zach J. Mitchell*, for appellant.

*Edward S. Robert*, for respondent.

THOMPSON, J.—This was an action of unlawful detainer, commenced before a justice of the peace and tried *de novo* on an appeal to the circuit court. The trial in the circuit court resulted in a verdict and judgment for the plaintiff. The jury assessed the monthly rental value of the premises at $10. The court entered judgment for the possession of the premises and for the monthly rental value, at $10 a month instead of entering judgment for *double* the monthly rental value, as required by the statute. 2 R. S. 1889, sec. 5108. From this judgment an appeal was taken *by the defendant*, and the record proper only is brought

Sanderson v. Wertz.

here; no bill of exceptions is brought up with the record. The respondent now appears in this court, and moves this court to enter final judgment in this case for all rent from the date of the verdict up to the present date at the rate of $20 a month, and for the rental value of the premises at the rate of $20 a month, for the following reasons: *First*. That no statement or brief has been served on the respondent, as required by the rules of this court. *Second*. That the verdict was for a monthly rental value of $10, and the court erroneously failed to double the same, as required by the statute.

This motion is overruled. There is no principle of appellate procedure known to us under which the respondent, who does not appeal, can assign errors upon the record in this court. The appellant has brought us a supplemental record certified by the clerk of the court in which this cause was tried, showing that such a motion was filed in vacation in that court. As that motion is not brought here by a bill of exceptions, we cannot even look at it for any purpose at all. Whatever remedy the respondent has in this case is evidently suggested by the course which he took in the circuit court; to file a motion there to enter the proper judgment, which the court has power to do, in case it finds from other matters of record that the proper judgment was directed and that the error in the judgment entry is a mere misprision of the clerk. With the concurrence of all the judges the motion is overruled.

But the appellant having filed no assignment of errors, statement or brief as required by law, it is ordered that the appeal be dismissed. All the judges concur.